(No. 78-CC-2252—)

RICHARD J. FRANCO, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 30, 1981.*

TERRENCE G. DRAUT, of PRATT, CALABRESE & O'DON-NELL, for Claimant.

TYRONE C. FAHNER, Attorney General (MARSHA J. COPORASO, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is an action for personal injuries suffered by Claimant. Evidence conceiving the facts was heard by a commissioner of this Court. The following summarizes the evidence.

On July 4, 1978, Claimant was operating a motorcycle in a northerly direction on Illinois Route 12, near its intersection with Route 59 in Lake County, Illinois. His friend, Anthony DeMuro, was also operating a motorcycle in the same direction. They were on their way to a Fourth of July picnic in Wauconda.

Claimant was traveling in the left lane slightly behind and to the left of DeMuro. In his discovery deposition, Claimant stated that DeMuro was riding behind him. At the hearing before the commissioner, Claimant testified that DeMuro was to his right. Both were traveling about 45 to 50 miles per hour. Both Claimant and DeMuro noticed a 2′ x 4′ board lying about 1½ feet on the left lane of the highway. They each noticed the 2′ x 4′ board which was about 30 to 40 feet away. Claimant swerved to his left to avoid the 2′ x 4′ board on the road and went down to the left shoulder of the road when he struck what he described as a hole in the shoulder of the road. The shoulder was constructed of gravel and was an inch or two lower than the road. The hole was about 4 or 5 inches deep and about a foot in diameter.

From the testimony and photographs, it appeared that the hole was the difference in elevation between the gravel portion of the shoulder and the beginning of the paved portion of the shoulder. Claimant had travelled about 30 feet on the gravel before striking the depressed area. When he entered the shoulder, he did not apply his brakes, because he feared going into a skid but attempted to stop by releasing the gas pedal and attempting to steer his way out of the shoulder. When he struck the depression, he flew over the handlebars of his motorcycle and sustained his injuries. Lake County Deputy Sheriff, Myron Wimmer, testified that Claimant told him that Claimant had struck a bump in the road. Officer Wimmer observed no holes in the road and no objects on the road. There were no skid marks, the pavement was dry, and there were no observable obstructions to Claimant's vision. Claimant was taken by ambulance to Condell Hospital, treated as an out-patient and released. His injuries consisted of severe scrapes on his back, elbows and foot.

His medical expenses and property damage to his motorcycle were paid by insurance except the towing and pharmacy bills.

Claimant testified that he lost five weeks of a summer job but was unable to supply any proof to substantiate his loss.

The claim is predicated on the State's duty to maintain the shoulder of the highway in a reasonably safe condition.

In order to recover, Claimant must prove that the State had reasonable, actual or constructive notice of a defective or dangerous condition of the shoulder of the road. The record in this case is totally devoid of any evidence of either actual or constructive notice.

In the opinion of the Court, Claimant has failed to sustain the burden of proof and therefore the claim is hereby denied.